IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-73,599-01, -02 & -03




EX PARTE JOSE MADRIGAL, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. F-0273376-PV, F-0273375-PV & F-0273374-PV 
IN THE 292ND DISTRICT COURT
FROM DALLAS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of aggravated assault and sentenced to imprisonment for ten years on two counts and twelve years
on one count. The Fifth Court of Appeals affirmed his convictions. Madrigal v. State, Nos. 05-03-00598-CR, 05-03-00599-CR & 05-03-00600-CR (Tex. App.–Dallas 2004, no pet.). 
            Applicant contends that he is actually innocent, that trial counsel was ineffective, that the
State failed to correct perjured testimony and made improper jury arguments, and that he received
multiple punishments for a single offense in violation of the Double Jeopardy Clause. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order Applicant’s trial counsel
to respond to Applicant’s ineffective assistance of counsel claims. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether counsel’s
performance was deficient and, if so, whether his deficient performance prejudiced Applicant. The
trial court shall also make findings and conclusions as to whether Applicant has established that he
is actually innocent, whether the State failed to correct perjured testimony and made improper jury
arguments, and whether Applicant received multiple punishments for a single offense in violation
of the Double Jeopardy Clause. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claims
for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 31, 2010
Do not publish